**MAQIAN CHEN, Petitioner,**

v.

**Alberto R. GONZALES,[1] Attorney General, Respondent.**

**No. 04–1632–AG.**

United States Court of Appeals, Second Circuit.

Dec. 2, 2005.

Jim Li, New York, New York, for Petitioner.

Thomas P. Colantuono, United States Attorney for the District of New Hampshire (T. David Plourde, Assistant United States Attorney), Concord, New Hampshire, for Respondent.

PRESENT: STRAUB, SACK, and SOTOMAYOR, Circuit Judges.

1. Pursuant to Fed. R.App. P. 43(c)(2), Attorney General Alberto Gonzales has been substituted for former Attorney General John Ashcroft.

## SUMMARY ORDER

Maqian Chen, a native and citizen of the Fujian Province of China, petitions this Court for review of a decision of the BIA which affirmed a decision of an immigration judge ("IJ") denying Chen's application for asylum, withholding of removal, and Convention Against Torture ("CAT") relief on the basis of the IJ's finding that Chen had failed to demonstrate past persecution or a well-founded fear of future persecution. We assume the parties' familiarity with the underlying facts, procedural history, and issues raised by the petition. In this appeal, Chen challenges only the IJ's denial of his asylum claim. Therefore, this Court deems Chen's withholding of removal and CAT claims to have been abandoned. See LoSacco v. City of Middletown, 71 F.3d 88, 92 (2d Cir.1995).

Concerning the merits of the BIA's decision, when considering a BIA decision which rejects an asylum claim, "[this Court] review[s] the factual findings underlying the BIA's determinations under the substantial evidence standard...." See Ramsameachire, 357 F.3d at 177 (internal quotations omitted). We have decided that we cannot adequately consider whether substantial evidence supports a determination that an applicant failed to establish either past persecution or a well-founded fear of future persecution where the agency determination is based on an inaccurate perception of the record—for example, where the determination omits potentially significant facts. Chen v. INS, 359 F.3d 121, 127 (2d Cir.2004). Because the IJ did not make an explicit adverse credibility determination in this case, Chen has a rebuttable presumption of credibility on appeal. See 8 U.S.C.A. § 1158(b)(1)(B)(iii).

In Chen's application, he stated that, during his detention and interrogation,

the police "once slapped [him]" during the interrogation. Similarly, at the hearing, Chen testified that the police "slap on my face" when he did not cooperate during the interrogation. Without clarifying the extent of Chen's physical abuse during detention, the IJ concluded that Chen's detention did not rise to the level of "persecution." Because the IJ did not sufficiently develop the record on the issue of Chen's mistreatment during the detention, a material element of Chen's claim of past persecution, we cannot adequately assess whether the IJ's denial of asylum was supported by sufficient evidence. Remand for further proceedings is therefore appropriate on this issue. See Chen, 359 F.3d at 129.

Regarding Chen's claim that he has a well-founded fear of future persecution, this Court recently concluded that "beatings ... can constitute persecution, and some courts have held that forbidding one from practicing his or her religion constitutes persecution." Chen v. Gonzales, 417 F.3d 268 at 275 (2d Cir.2005) (citing Bucur v. INS, 109 F.3d 399, 405 (7th Cir. 1997) ("[I]t is virtually the definition of religious persecution that the votaries of a religion are forbidden to practice it.... If a person is forbidden to practice his religion, the fact that he is not imprisoned, tortured, or banished, and is even allowed to attend school, does not mean that he is not a victim of persecution." (internal citations omitted)). According to Chen, upon his release from detention, he was forced to sign a document agreeing not to participate in any illegal religious activities, and that although he continued practicing Catholicism, the village Catholics were monitored by the government, and on occasion, the government sought to question him regarding his religious activities. Chen also expressed fear that the government would arrest and incarcerate him if he returned to China because they already had a record of his past involve-

ment in illegal religious activity. As Chen's testimony and the country reports both indicate that government officials in some regions continue to crack down on underground Catholic churches, remand is appropriate. *See Chen,* 417 F.3d at 275. On remand, the BIA is instructed to have the IJ inquire as to the extent of Chen's physical abuse during the detention, and determine the bases for concluding that Chen's fear of future persecution is not well-founded.

For the foregoing reasons, the petition for review is GRANTED and the case is remanded to the BIA for further proceedings.